# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) ) ) | Case Number: 1:20-CR-0481-SCJ-01<br>USM Number: 21957-509 |
| ARTHUR LEE COFIELD<br>a/k/a Archie Lee | ) ) ) | Steven Sadow and Drew Findling<br><small>Defendant's Attorney</small> |

**THE DEFENDANT:**

The defendant pleaded guilty to count(s) 1 and 2.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Bank Fraud | June 16, 2020 | 1 |
| 18 U.S.C. § 1028A | Aggravated Identity Theft | June 16, 2020 | 2 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 3-7 are dismissed pursuant to the terms of the plea agreement.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

January 5, 2024
Date of Imposition of Judgment

Signature of Judge

STEVE C. JONES, U. S. DISTRICT JUDGE
Name and Title of Judge

April 29, 2024
Date

DEFENDANT:   ARTHUR LEE COFIELD
CASE NUMBER:  1:20-CR-0481-SCJ-01

Judgment -- Page **2** of **6**

Judgment in a Criminal Case
Sheet 2 -- Imprisonment

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for: **ONE HUNDRED ELEVEN (111) MONTHS as to Count 1 and TWENTY-FOUR (24) MONTHS as to Count 2, CONSECUTIVE, for a total term of imprisonment of ONE HUNDRED THIRTY-FIVE (135) MONTHS.** Computation of this sentence shall begin as of October 15, 2021.

The Court makes the following recommendations to the Bureau of Prisons:  that defendant be designated to FCI Jesup for service of sentence.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:  ARTHUR LEE COFIELD
CASE NUMBER:  1:20-CR-0481-SCJ-01

Judgment -- Page **3** of **6**

Judgment in a Criminal Case
Sheet 3 -- Supervised Release

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:  **THREE (3) YEARS as to Count 1 and ONE (1) YEAR as to Count 2, CONCURRENT.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.  Restitution payments must be made to Clerk, U.S. District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Dr. SW, Atlanta, GA 30303.
5. You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:  ARTHUR LEE COFIELD
CASE NUMBER:  1:20-CR-0481-SCJ-01

Judgment -- Page **4** of **6**

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.  These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.  You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.  If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13.  You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature  _____  Date  _____

USPO's Signature  _____  Date  _____

DEFENDANT:  ARTHUR LEE COFIELD
CASE NUMBER:  1:20-CR-0481-SCJ-01

## SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following special conditions of supervision.

You must make full and complete disclosure of your finances and submit to an audit of your financial documents at the request of your probation officer. You must provide the probation officer with full and complete access to any requested financial information and authorize the release of any financial information.  The probation office may share the financial information with the United States Attorney's Office.

You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

You must pay any ordered financial penalties in accordance with the Schedule of Payments sheet of the Judgment. Payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made payable to the Clerk, U.S. District Court, 2211 U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303.  Any balance that remains unpaid at the commencement of the term of supervision shall commence within 60 days after release from imprisonment on the following terms: payable at a rate of no less than $200.00 monthly to U.S. District Court Clerk. You must notify the Court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you violated a condition of your supervision and that areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

You must permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

You must refrain from excessive use of alcohol.

DEFENDANT:  ARTHUR LEE COFIELD
CASE NUMBER:  1:20-CR-0481-SCJ-01

Judgment in a Criminal Case
Sheet 5 -- Criminal Monetary Penalties

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

Special Assessment

TOTAL      $200.00

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration.  The Court waives the fine and cost of incarceration in this case.

Fine

TOTAL      $0

Restitution

TOTAL      $11.000,000.00, joint and several with codefendants
           Eldrige Maurice Bennett (1:20-cr-0481-SCJ-02) and Eliayah Bennett (1:23-cr-324-SCJ)

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Restitution Ordered |
|---|---|
| Charles Schwab<br>Fraud Investigators<br>3000 Schwab Way<br>Westlake, TX  76262<br>Attn: Fraud Risk<br>Management Operations | $11,000,000.00 |

Forfeiture

It is hereby **ORDERED** that all of the Defendant's right, title and interest in the property identified in the

Final Order and Judgment of Forfeiture dated October 6, 2023 [Doc. 172] (attached), which is hereby

incorporated by reference, is forfeited.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

ARTHUR LEE COFIELD

Criminal Action No.

1:20-cr-00481-SCJ-01

## FINAL ORDER AND JUDGMENT OF FORFEITURE

This matter is before the Court on the Government's Motion for Final Order of Forfeiture for property seized from the Defendant, Arthur Lee Cofield. The Court entered the Consent Preliminary Order of Forfeiture on April 25, 2023, forfeiting the Defendant's interest in the following property to the United States pursuant to 18 U.S.C. § 98(a)(2)(A):

      a.  FUNDS: Cash/currency in the amount of $2,403,443.39 held in lieu of the real property located at 4099 Randall Mill Road, NW, Atlanta, Fulton County, Georgia 30327.

(Doc. 156.)

In accordance with the notice requirements set forth in 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States published notice of the preliminary order of forfeiture, and of its intent to dispose of the property, on the official government internet site forfeiture.gov for at least 30 consecutive days. (Doc. 164.) However, no one has filed a petition to the property, and the deadline for doing so has expired.

This Court, having found that the Defendant's interest was forfeited to the United States in the Consent Preliminary Order of Forfeiture, that the United States published notice of the preliminary order of forfeiture, and of its intent to dispose of the property, in accordance with 21 U.S.C. § 853(n) and 28 U.S.C. § 2461(c), that no third party has filed a petition claiming an interest in the property and that the time for filing such petition has expired, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. A final forfeiture judgment against the following property is hereby entered pursuant to 18 U.S.C. § 982(a)(2)(A):

   a. FUNDS: Cash/currency in the amount of $2,403,443.39 held in lieu of the real property located at 4099 Randall Mill Road, NW, Atlanta, Fulton County, Georgia 30327.

2. All right, title and interest in the above property is hereby condemned, forfeited, and vested in the United States and shall be disposed of according to law.

3. The United States District Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

SO ORDERED THIS ___6th___ day of ___October___, 2023.

_____
STEVE C. JONES
UNITED STATES DISTRICT JUDGE

Prepared by:
Sekret T. Sneed, Assistant United States Attorney
(404) 581-6263

2