AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)          Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Georgia

| | |
|---|---|
| United States of America<br>v.<br>Eldridge Maurice Bennett | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case No:  1-20-cr-00481

USM No:  21517-509

Date of Original Judgment:  __12/04/2023__

Date of Previous Amended Judgment:  _____

*(Use Date of Last Amended Judgment if Any)*

Dwight Thomas

*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☑DENIED.   ☐GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

The Motion (Doc. No. [193]) is **DENIED** in the exercise of the Court's discretion after consideration of applicable law and the record. The Court upholds and adopts the Government's opposition arguments (at Doc. No. [199]). As correctly noted by the Government, Defendant is not eligible for relief under either provision of Amendment 821. Defendant was not a zero-point offender at the time of sentencing (as he received one criminal history point for an 11/29/2012 driving under the influence conviction). Doc. No. [199] (citing PSR ¶ 54). In addition, Defendant did not receive status points. See United States v. Vazquez, No. 2:19-CR-30-SPC-NPM, 2025 WL 1133750, at *1 (M.D. Fla. Apr. 17, 2025) ("Because [d]efendant was assessed one or more criminal history points and was not assessed status points, he is ineligible for a reduction under Amendment 821."); Cf. United States v. Vente-Orobio, No. 19-20042-CR, 2024 WL 1016110, at *2 (S.D. Fla. Mar. 8, 2024) ("[A]t sentencing the [c]ourt did not assess any status points for [defendant]. Accordingly, the status points retroactive amendment would have no bearing on his criminal history category. Because [defendant] is not eligible for relief based on the 'status points' amendment or the adjustment for certain zero-point offenders, the [c]ourt need not consider the § 3553(a) factors.").

As Defendant is ineligible for relief, the Court need not address the § 3553(a) factors.

Except as otherwise provided, all provisions of the judgment dated  __12/4/2023__  shall remain in effect.

**IT IS SO ORDERED.**

Order Date:  *april 30, 2025*

_____
*Judge's signature*

Effective Date:  _____
*(if different from order date)*

**Hon. Steve C. Jones, United States District Judge**
*Printed name and title*